KEB

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bektur Nuraliev, | No. CV-26-00077-PHX-DJH (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Pamela Bondi, et al., | |
| Respondents. | |

On January 7, 2026, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging his immigration detention.[1] (Doc. 1.) On January 8, 2026, Petitioner filed an Amended Petition.[2] (Doc. 4.)

## I.    Amended Petition

Petitioner alleges the following. Petitioner is a 24-year-old citizen and national of Kyrgyzstan. (*Id* ¶ 38.) The Kyrgyz government threatened Petitioner for his political beliefs, and Petitioner left Kyrgyzstan to seek asylum in the United States. (*Id.* ¶¶ 39-41.) On November 12, 2023, Petitioner crossed the border near Tecate, California, without being admitted or paroled. (*Id.* ¶ 41.) Subsequently, Respondents filed Petitioner's Notice to Appear and initiated removal proceedings, alleging Petitioner was inadmissible to the

---

[1] In addition to his Amended Petition, Petitioner also filed a Motion for Temporary Restraining Order (Doc. 2). Because the Court is denying Petitioner's Amended Petition with leave to amend, it will deny the Motion as moot.

[2] An amended petition supersedes the original Petition in its entirety. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990).

United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I). (*Id.* ¶¶ 42-43.) On or around December 8, 2023, Petitioner applied for asylum, and his master hearing was scheduled for October 22, 2024. (*Id.* ¶¶ 44-45.) On or around May 2, 2025, Petitioner was driving his car near Yuma, Arizona and was arrested, placed in Department of Homeland Security (DHS) custody, and transported to Eloy Detention Center. (*Id.* ¶ 46.) Petitioner subsequently requested a bond redetermination hearing. (*Id* ¶ 47.) On July 10, 2025, an Immigration Judge (IJ) denied Petitioner's request based on lack of jurisdiction under INA § 235(b)(2)(A). (*Id.* ¶ 47; Doc. 4-2 at 1.) Alternatively, the IJ found Petitioner failed to meet his burden of proving he is not a flight risk if released on bond. (Doc. 4-2 at 1.) On July 17, 2025, during Petitioner's master hearing at Eloy Immigration Court, Respondents moved to dismiss Petitioner's case in order to place him in expedited removal proceedings, and the IJ granted dismissal. (Doc. 4 ¶ 49.) As a result, Petitioner remains in immigration detention. (*Id.* ¶ 50.) He claims "any appeal to the B[oard of Immigration Appeals] is futile." (*Id.* ¶ 51.)

Petitioner raises four claims for relief:

(1)    Petitioner's detention is unlawful because it should be governed by 8 U.S.C. § 1226(a), not § 1225(b);

(2)    the IJ's denial of release on bond violates bond regulations 8 C.F.R. §§ 236.1, 1236.1 and 1003.19;

(3)    Petitioner's continued detention violates "the INA, implementing regulations, and the APA" when "Respondents have already considered Petitioner's facts and circumstances and determined that Petitioner was not a flight risk or danger to the community"; and

(4)    Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment.

(*Id.* ¶¶ 52-84.) Petitioner seeks release from custody.

## II.    Discussion

The Petition raises the issue of whether 8 U.S.C. § 1226(a), which contemplates a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when United States Immigration and Customs Enforcement (ICE) apprehends an alien who entered the

United States without inspection, never formally applied for admission, and has been living in the United States for years or decades.[3]  However, while the IJ relied on § 1226(a) in Petitioner's July 10, 2025 custody redetermination hearing, he also denied bond on the alternative basis that Petitioner had failed to demonstrate that his release would not pose a danger or flight risk.  An IJ's discretionary bond determination is not reviewable in federal court.  *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").  And although § 1226(e) does not divest courts of jurisdiction to consider claims that the legal framework governing detention fails to provide due process, *see Martinez v. Clark*, 68 F.4th 1195 (9th Cir. 2023),

---

[3] Another judge in this district has determined that § 1226(a) applies in this circumstance. *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025).  Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many recent § 2241 actions brought by individual petitioners. Furthermore, on December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and ICE were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

Further, on December 18, 2025, the Central District of California entered judgment in a class action declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025).  Recently, the court in Bautista granted the class members' motion to enforce judgment and vacated the Board of Immigration Appeals's ruling in *In re Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedures Act. *Bautista v. Santacruz*, ___ F. Supp. 3d ___, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).  Although the Ninth Circuit Court of Appeals has temporarily stayed these orders, in part, pending a ruling on the Government's emergency motion for a stay pending appeal, the stay did not alter the impact of the declaratory judgment within the Central District of California. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026).

Petitioner does not allege that the bond redetermination itself violated his due process rights.

Accordingly, the Court will dismiss the Amended Petition with leave to amend. Petitioner will have 30 days to file an amended petition alleging additional facts to support that his July 10, 2025 bond redetermination hearing employed the wrong standard of review or otherwise violated his due process rights.

**IT IS ORDERED:**

(1)     Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice as moot**.

(2)     The Amended Petition (Doc. 4) is **dismissed without prejudice, with leave to amend**. Petitioner has **30 day**s from the date this Order is filed to file a second amended petition.

(3)     If Petitioner fails to submit an amended petition within 30 days from the filing date of this Order, the Clerk of Court must enter a judgment of dismissal without prejudice or further notice to Petitioner and deny any pending unrelated motions as moot.

Dated this 17th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 4 -