KEB

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bektur Nuraliev, | No.    CV-26-00077-PHX-DJH (MTM) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, et al., | |
| Respondents. | |

Petitioner Bektur Nuraliev, through counsel, filed this action under 28 U.S.C. § 2241 challenging his immigration detention.  In a March 17, 2026 Order, the Court dismissed Petitioner's Amended Petition[1] with leave to amend, providing Petitioner 30 days to file a second amended petition alleging additional facts to support that his July 10, 2025 bond redetermination hearing employed the wrong standard of review or otherwise violated his due process rights.   On March 25, 2026, Petitioner filed a Second Amended Petition (Doc. 7).  The Court will require Respondents to answer the Second Amended Petition.

## I.    Second Amended Petition

Petitioner alleges the following:    Petitioner is a citizen and national of Kyrgyzstan. (*Id.* ¶ 19.)  The Kyrgyz government threatened Petitioner for his political

---

[1] Petitioner filed his original Petition on January 7, 2026.  On January 8, 2026, he filed an Amended Petition, which superseded the original Petition in its entirety. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990).

beliefs, and Petitioner left Kyrgyzstan to seek asylum in the United States. (*Id.*)

On November 12, 2023, Petitioner entered the United States, and Customs and Border Protection processed Petitioner and served him with a Notice to Appear, charging him under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.* ¶ 20.) Petitioner was released on his own recognizance on November 20, 2023, after the Department of Homeland Security (DHS) determined Petitioner was not a flight risk or danger to the community. (*Id.* ¶ 21.) Following his release, Petitioner complied with all reporting and address notification requirements. (*Id.* ¶ 22.)

On December 8, 2023, Petitioner applied for asylum. (*Id.* ¶ 23.) On June 18, 2024, United States Customs and Immigration Services approved Petitioner's Employment Authorization Document, valid for five years. (*Id.* ¶ 23.) Petitioner obtained lawful employment, working as a driver from March 2025 to the time of his detention, and registered with the Selective Service System. (*Id.* ¶ 24.) He has no criminal record. (*Id.* ¶ 26.)

On May 2, 2025, a Border Patrol agent encountered Petitioner in Yuma, Arizona. (*Id.* ¶ 27.) Petitioner was arrested, placed in immigration custody, and transported to Eloy Detention Center, where he has since remained. (*Id.*)

Through counsel, Petitioner requested a bond redetermination hearing. (*Id.* ¶ 28.) In support of the request, Petitioner's counsel filed Notices of Intent to Offer Evidence, which included Petitioner's United States and Kyrgyz passports; proof of I-589 submission and Employment Authorization Document approval; proof of address and EOIR-33 filings; Petitioner's 2024 federal income tax return; and Petitioner's Notice to Appear, Order of Release on Recognizance, and Notice of Custody Determination. (*Id.*)

In a July 10, 2025 Order, an immigration judge (IJ) denied Petitioner's request based on lack of jurisdiction under 8 U.S.C. § 1158(b)(2)(A). (*Id.* ¶ 29.) Alternatively, the IJ found Petitioner failed to meet his burden of proving he is not a flight risk if released on bond. (*Id.*) According to Petitioner, the Order contained "no factual findings and no legal reasoning," failed to "identify what evidence the IJ considered" or the weight placed on

any evidence, and failed to explain "why the IJ concluded Petitioner is a flight risk" despite the record evidence "uniformly support[ing] release." (*Id.* ¶ 32.)

On August 20, 2025, the IJ issued a Memorandum Decision explaining the denial, which addressed only the jurisdictional question and the IJ's conclusion that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*Id.* ¶ 30.) According to Petitioner, the Memorandum Decision "did not mention or apply the *Matter of Guerra* factors" or acknowledge or discuss any of the evidence Petitioner's counsel submitted in support of his request for a bond redetermination hearing. (*Id.* ¶ 31.) Petitioner's August 10, 2025 appeal of the IJ's decision to the Board of Immigration Appeals remains pending. (*Id.* ¶ 33.)

On July 17, 2025, during Petitioner's master hearing at the Eloy Immigration Court, Respondents moved to dismiss Petitioner's case in order to place him in expedited removal proceedings, and the IJ granted dismissal. (*Id.* ¶ 33.) Petitioner remains in immigration detention. (*Id.*)

Petitioner raises three claims for relief. He seeks release from custody, or in the alternative, a bond hearing.

Grounds One and Two contain Fifth Amendment procedural due process claims. In Ground One, Petitioner states that when the IJ found Petitioner was subject to mandatory detention under § 1225(b)(2) instead of § 1226(a), he applied the incorrect legal standard. (*Id.* at 19-20.) In Ground Two, Petitioner contends that the IJ's "flight risk finding [was] constitutionally deficient." (*Id.* at 20.) He characterizes the finding as a "single conclusory sentence" that lacked "individualized assessment," was "unsupported by any factual analysis," failed to include the *Matter of Guerra* factors, and failed to discuss a discuss Petitioner's flight risk or the evidence supplied by Petitioner's counsel.

In Ground Three, Petitioner asserts an Immigration and Nationality Act (INA) and bond regulation violation claim. He states that Respondents violated § 1226(a) and deprived Petitioner of a fair, individualized bond hearing because "the IJ failed to apply § 1226(a), erroneously applied § 1225(b)(2)(A), and did not weigh the *Matter of Guerra*

factors" or "extensive" record evidence in denying Petitioner bond. (*Id.* at 20-21.)

## II. Discussion

### A. Grounds One and Three

In Grounds One and Three, Petitioner claims the IJ used the inappropriate legal standard in Petitioner's July 10, 2025 hearing, in violation of his due process rights and the INA. Petitioner thus raises the issue of whether 8 U.S.C. § 1226(a), which presumes a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when United States Immigration and Customs Enforcement apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. Another judge in this district has determined that § 1226(a) applies in this circumstance. *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in recent § 2241 actions brought by individual petitioners. Furthermore, on December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and ICE were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

Further, on December 18, 2025, a district court in the Central District of California entered judgment in a class action likely covering Petitioner declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025). Recently, the court in *Bautista* granted the class members' motion to enforce judgment and vacated the Board of Immigration Appeals's ruling in *In re Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedures

Act. *Bautista v. Santacruz*, ___ F. Supp. 3d ___, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).[2]

Based on prior decisions in this District, the Seventh Circuit's opinion, and the prior decisions and judgment in *Bautista*, Respondents must answer Grounds One and Three of the Petition.

**B.     Ground Two**

In Ground Two, Petitioner states the IJ's flight risk finding was "constitutionally deficient," lacking any individualized assessment, factual analysis, application of the *Matter of Guerra* factors, or discussion of the evidence Petitioner's counsel provided.

While a district court has jurisdiction to review mixed questions of law and fact, it must be careful not to encroach upon "the IJ's discretionary weighing of the evidence." *Slim v. Nielson*, CV-18-02816-DMR, 2018 WL 4110551, at *4 (N.D. Cal. Aug. 29, 2018); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008), 534 F.3d at 1058 ("[D]iscretionary decisions granting or denying bond are not subject to judicial review.") (citing 8 U.S.C. § 1226(e)).  Accordingly, where a habeas petitioner "asks the Court to second-guess the IJ's weighing of the evidence, that claim is directed solely to the IJ's discretion and is unreviewable." *Sales v. Johnson*, 323 F. Supp. 3d 1131, 1138-39 (N.D. Cal. 2017).  But § 1226(e) does not bar courts from concluding that "[t]he evidence before the IJ failed, as a matter of law, to prove flight risk or danger." *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008); *see also Sales*, 323 F. Supp. 3d at 1141; *cf. Slim*, 2018 WL 4110551, at *5 (distinguishing between an unreviewable challenge to "the IJ's discretionary weighing of factors in reaching a bond determination" and permissible challenges to "whether the party bearing the burden of proof met the applicable quantum of evidence").

---

[2] The Ninth Circuit Court of Appeals has temporarily stayed these orders, in part, pending a ruling on the Government's emergency motion for a stay pending appeal. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026).  The stay did not alter the impact of the declaratory judgment within the Central District of California, nor does it affect the Court's independent determination that Petitioner appears likely to be entitled to relief in the form of release or a bond hearing.

In reviewing the sufficiency of the evidence within the confines of § 1226(e), the question is not "whether this Court believes that the proof establishes, by clear and convincing evidence, that [the petitioner] is a danger to the community" or a flight risk. *Nguti v. Sessions*, CV-16-06703, 2017 WL 5891328, at *3 (W.D.N.Y. Nov. 29, 2017). Rather, the Court must decide whether the IJ "relied upon proof that –a as a matter of law— could not establish" that conclusion.  *Id.*; *see also Judulang*, 562 F. Supp. 2d at 1127. Though Petitioner bore the burden of proof in this case, the scope of the Court's review remains the same.  *See Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1004-05 (N.D. Cal. 2018) (dangerousness finding violated due process where IJ relied solely on evidence that did not support that conclusion).  Accordingly, the Court will require Respondents to answer Count Two.

Any answer filed by Respondents must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1)    Counsel for Petitioner must immediately serve the Second Amended Petition (Doc. 7) and a copy of this Order on Respondents.

(2)    If not already issued, the Clerk of Court must issue any properly completed summonses.

(3)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition (Doc. 7) to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4)    Respondents must answer the Petition within **20 days** of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(5)    Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added).  *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(6)    Petitioner may file a reply within **10 days** from the date of service of the answer.

(7)    This matter is referred to Magistrate Judge Michael T. Morrissey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 1st day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge